Martin F. Casey (MFC-1415)
**CASEY & BARNETT, LLC**
317 Madison Avenue, 21st Floor
New York, New York 10017
Attorneys for Plaintiff

--------------------------------------------------------X
HERMAN MILLER, INC.

      Plaintiff,

  - against -

M/V EVER UNIFIC, her tackle, boilers, engines, etc;
EAGLE MARITIME SERVICES, INC. t/a EGL
OCEAN LINE; EVERGREEN MARINE CORP.;
EVERGREEN MARINE GROUP and EVERGREEN
INTERNATIONAL CORP.

      Defendants.
--------------------------------------------------------X

JUDGE RAKO

07 Civ.

**COMPLAINT**

    Plaintiff, by its attorneys, CASEY & BARNETT, LLC, for its Complaint, alleges upon information and belief, as follows:

    1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is predicated upon 28 U.S.C. §1333.

    2.    Plaintiff, HERMAN MILLER, INC., is a corporation duly incorporated under the laws of one of the states of the United States, with an office and place of business located at 855 East Main Avenue, Zeeland, Michigan 49464, and was the receiver and consignee of certain cargo laden on board the M/V EVER UNIFIC, as more fully described below.

    3.    Defendant, EAGLE MARITIME SERVICES, INC. t/a EGL OCEAN LINE (hereinafter "EGL") is a corporation with a place of business located at 15350 Vickery Drive, Houston, Texas and at all relevant times was and is doing business in this jurisdiction and was

and is a non vessel owning common carrier of goods by water and was a common carrier for the shipment described more fully below.

4. Defendant, EVERGREEN MARINE CORP. (hereinafter "EMC") is a corporation with a place of business located at 1 Evertrust Plaza, Jersey City, New Jersey 07302 and at all relevant times was and is doing business in this jurisdiction and was and is a common carrier of goods by water and was a common carrier for the shipment described more fully below.

5. Defendant, EVERGREEN MARINE GROUP, is a foreign corporation with a place of business located at Evergreen Building, No. 166, Section 2, Minsheng East Road, Taipei, 10444, Taiwan, and at all relevant times was and is doing business in this jurisdiction.

6. Defendant, EVERGREEN INTERNATIONAL CORP., is a foreign corporation with a place of business located at Evergreen Building, No. 166, Section 2, Minsheng East Road, Taipei, 10444, Taiwan, and at all relevant times was and is doing business in this jurisdiction.

7. Defendants Evergreen Marine Group and Evergreen International Corp. (hereinafter "Evergreen") at all material times were the owners, charterers, managers and / or operators of the M/V EVER UNIFIC.

8. At all material times, the M/V EVER UNIFIC was a diesel-powered, ocean-going vessel engaged in the common carriage of cargoes on the high seas and may be within the jurisdiction of this Honorable Court during the pendency of process hereunder.

9. At all material times, defendants were and still are engaged in the business of common carriage of merchandise by water for hire, and owned, operated, managed, chartered, and/or otherwise controlled the M/V EVER UNIFIC, as common carriers of merchandise by water for hire.

10. Plaintiff was the consignee, owner and/or assured of the consignment hereinbelow described and brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said consignment, as their respective interests may ultimately appear, and Plaintiff is entitled to maintain this action.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST EGL, EMC AND M/V EVER UNIFIC

11. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 10, inclusive, as if herein set forth at length.

12. On or about January 19, 2007, a cargo consisting of 264 cartons Desk Lamps, then being in good order and condition, and laden into container FSCU 992030-7, were delivered to defendants EGL and EMC at the port of Yantian, China for transportation to Grand Rapids, Michigan via the port of Tacoma, Washington, in consideration of an agreed freight pursuant to EGL bill of lading no. SZX070180281 dated January 19, 2007 and pursuant to EMC bill of lading no. EISU 010700045985 dated January 19, 2007.

13. Thereafter, the aforementioned cargo was loaded on board the M/V EVER UNIFIC and the vessel departed for the intended port of destination.

14. During the course of the Pacific Ocean crossing, the vessel encountered weather conditions such that seas washed across the weather deck of the vessel and causing the loss overboard of certain containers.

15. The defendants EGL, EMC and M/V EVER UNIFIC failed to deliver the cargo to plaintiff at destination in the same good order and condition as when received by defendants at the port of loading. The aforementioned container, FSCU 992030-7, consisting of 264 cartons of Desk Lamps was lost overboard and was never recovered.

16. The damage to the aforementioned cargo of Desk Lamps did not result from any act or omission on the part of plaintiff or on the part of the shipper, but to the contrary, was the result in whole or in part, of the negligence and/or fault of defendants EGL, EMC and/or the unseaworthiness of the M/V EVER UNIFIC.

17. By reason of the foregoing, plaintiff has sustained damages in the total amount of $152,256.44 plus expenses, no part of which has been paid, although duly demanded.

### AS AND FOR A SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS

18. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 15, inclusive, as if herein set forth at length.

19. As the owners, disponent owners, bareboat owners, charterers, and/or managers of the M/V EVER UNIFIC, defendants Evergreen were responsible for properly manning, maintaining and repairing the vessel and for otherwise exercising due diligence to ensure that the vessel was seaworthy and fit to carry the cargoes that were delivered to and loaded on board the M/V EVER UNIFIC during winter North Pacific voyages. Moreover, the said defendants were sub-bailees of the cargo referred to in the First Cause of Action and in any event, as the party having custody and control of the property and chattels of others, said defendants were obligated to exercise due diligence to properly care for those cargoes, a responsibility which included exercising due diligence to ensure that the M/V EVER UNIFIC was seaworthy for the voyage to the United States.

20. The losses sustained by plaintiff were caused, in whole or in part, by the negligence and fault of defendants, and/or their agents, representatives and independent

contractors for whose acts and omissions it was responsible, including, but not limited to, their failure to maintain the M/V EVER UNIFIC in a seaworthy condition.

21. By reason of the foregoing, plaintiff has sustained damages in the total amount of $152,256.44, plus expenses, no part of which has been paid, although duly demanded.

### AS AND FOR A THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS

22. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 21, inclusive, as if herein set forth at length.

23. Defendants Evergreen, as managers and owners of the M/V EVER UNIFIC, were responsible for manning, maintaining and repairing the vessel.

24. The loss of the containers overboard, as described in the First Cause of Action, was caused in whole or in part, by the negligence and fault of the said defendants in failing to properly manage and operate the M/V EVER UNIFIC, in failing to properly man the vessel and to train its officers and crew, and in failing to properly maintain the vessel, its hull and machinery.

25. By reason of the foregoing, plaintiff has sustained damages in the total amount of $152,256.44, plus expenses, no part of which has been paid, although duly demanded.

WHEREFORE, Plaintiff prays:

1. That process in due form of law may issue against Defendants citing them to appear and answer all and singular the matters aforesaid;

2.  That if Defendants cannot be found within this District, then all their property within this District be attached in the amount of $152,256.44, with interest thereon and costs, the sum sued for in this Complaint.

3.  That judgment may be entered in favor of Plaintiff and against Defendants for the amount of Plaintiff's damages, together with interest and costs and the disbursements of this action.

4.  That process in due form of law according to the practice of this Court in causes of admiralty and maritime claims, may issue against said vessel, its engines, etc., and that all persons having or claiming any interest therein be cited to appear and answer under oath, all and singular the matters aforesaid, and that this Court will be pleased to pronounce judgment in favor of Plaintiff for its damages as aforesaid, with interest, costs and disbursements, and that the said vessel may be condemned and sold to pay therefore; and,

5.  That this Court grant to plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
August 2, 2007
115-850

                        CASEY & BARNETT, LLC
                        Attorneys for Plaintiff

By: _Martin F. Casey_
Martin F. Casey (MFC-1415)
317 Madison Avenue, 21st Floor
New York, New York 10017
(212) 286-0225