Martin F. Casey (MFC-1415)
**Casey & Barnett, LLC**
317 Madison Avenue, 21st Floor
New York, NY 10017
(212) 286-0225
Attorney's for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
HERMAN MILLER, INC.

        Plaintiff

      -against-

M/V EVER UNIFIC, her tackle, boilers, engines,
etc; EAGLE MARITIME SERVICES, INC. t/a EGL
OCEAN LINE; EVERGREEN MARINE CORP.;
EVERGREEN MARINE GROUP and
EVERGREEN INTERNATIONAL CORP.

        Defendant
------------------------------------------------------------X

07 Civ. 7046
**NOTICE OF SUIT AND**
**WAIVER OF SUMMONS**

To:   Eagle Maritime Services, Inc. t/a Eagle Global Logistics
       15350 Vickery Drive
       Houston, TX 77032

     A lawsuit has been commenced against you (or the entity on whose behalf you are addressed). A copy of the complaint is attached to this notice. It has been filed in the United States District Court Southern District of New York and has been assigned docket number 07 Civ. 7046.

     This is not a formal summons or notification from the Court, but rather my request that you sign and return the enclosed wavier of service order to save the costs of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within twenty (20) days after the date designated below as the date on which this Notice and Request is sent. I enclosed a stamped and addressed envelope for your use. An extra copy of the waiver is also attached for your records.

     If you comply with this request and return the signed waiver, it will be filed with the Court and no summons will be served on you. The action will then proceed as if you have been served on the date the waiver is filed, except that you will not be obligated to answer the

complaint before sixty (60) days from the date designated below as the date on which this notice is sent (or before ninety (90) days from that date if your address is not in any judicial district of the United States).

    If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, as authorized by those Rules, ask the Court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service. In that connection, please read the statement concerning the duty of the parties to waive the service of the summons, which is set forth at the foot of the waiver form.

    I affirm that this request is being sent to you on behalf of the plaintiff, this 13th day of August, 2007.

    Casey & Barnett, LLC
    Attorneys for Plaintiff

    Martin F. Casey (MFC-1415)
    317 Madison Avenue, 21st Floor
    New York, NY 10017
    (212) 286-0225

2

Effective A/o 12/1/93 in compliance
with Federal Rules of Civil Procedure 4

WAIVER OF SERVICE OF SUMMONS

TO: CASEY & BARNETT, LLC

I acknowledge receipt of your request that I waive service of a summons in the action of Herman Miller, Inc. v. M/V Ever Unific etc et al, which is case number 07 Civ. 7046 in the United States District Court Southern District of New York. I have also received a copy of the compliant in action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the Court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party in whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after August 13, 2007, or within 90 days after that date if the request was sent outside the United States.

Date: 8/29/07

Signature

Printed Typed name: Thomas M. Grasso, Esq.

{as Attorney in fact} by authority of EGL
{of EGL}

**Duty to Avoid Unnecessary Costs of Service of Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant who, after being notified of an action and asked to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or even its person or property. A party who waives service of the summons retains all defenses and objections (except relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against the defendant. By waiving service, a defendant is allowed more time to answer then if the summons has been actually served when the request for waiver of service was received.

3

Effective A/o 12/1/93 in compliance
with Federal Rules of Civil Procedure 4