9013/PMK
CICHANOWICZ, CALLAN, KEANE,
VENGROW & TEXTOR, LLP
61 Broadway, Suite 3000
New York, New York 10006-2802
(212) 344-7042
*Attorneys for Defendant*
EVERGREEN MARINE CORP. (TAIWAN) LTD.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HERMAN MILLER, INC.,<br><br>                                        Plaintiff,<br>            - against -<br><br>M/V EVER UNIFIC, her tackles, boilers, engines, etc.; EAGLE MARITIME SERVICES INC. t/a EGL OCEAN LINE; EVERGREEN MARINE CORP.; EVERGREEN MARINE GROUP and EVERGREEN INTERNATIONAL CORP.<br><br>                                        Defendants. | 07 CV 7046 (Judge Rakoff)<br><br>ECF CASE<br><br>**ANSWER** |

Defendant EVERGREEN MARINE CORP. (TAIWAN) LTD. (hereinafter "EMC"), incorrectly sued herein as EVERGREEN MARINE CORP., by its attorneys Cichanowicz, Callan, Keane, Vengrow & Textor, as and for its answer to the complaint, alleges upon information and belief as follows:

  1. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 1.

  2. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 2.

  3. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 3.

4. Admits that defendant EMC is a foreign corporation with an office and place of business in Taipei, Taiwan and that it has an agent, Evergreen Shipping Agency (America) Corp. located at 1 Evertrust Plaza; Jersey City, NJ 07302 and that defendant EMC is a vessel operating common carrier as defined by the Shipping Act of 1984 as amended by the Ocean Shipping Reform Act of 1998 and except as so admitted denies the allegations contained in paragraph 4.

5. Denies that EVERGREEN MARINE GROUP is a corporation and further denies all the other allegations contained in paragraph 5.

6. Admits that EVERGREEN INTERNATIONAL CORP. is a foreign corporation with a place of business in Taiwan and except as so admitted denies the allegations contained in paragraph 6.

7. Denies the allegations contained in paragraph 7.

8. Admits that the M/V EVER UNIFIC was a diesel powered ocean going container vessel engaged in the common carriage of cargoes on the high seas and except as so admitted denies the allegations contained in paragraph 8.

9. Admits that defendant, EMC, was and still is engaged in the business of a vessel operating common carrier as defined by the Shipping Act of 1984 and as amended by the Ocean Shipping Reform Act of 1998 and that defendant EMC owned, operated, managed, chartered and otherwise controlled the M/V EVER UNIFIC as common carrier as merchandise by water for hire.

10. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 10.

**AS AND FOR ITS ANSWER TO THE FIRST CAUSE OF
ACTION AGAINST EGL, EMC AND M/V EVER UNIFIC**

11. Defendant, EMC, repeats, reiterates and realleges each and every allegation set forth in paragraphs 1-10 inclusive as if heretofore set out at length herein.

12. Admits that on or about January 19, 2007, container FSCU992030-7 was delivered to defendant EMC at the port of Yantian, China for transportation to Grand Rapids, Michigan pursuant to the terms and conditions of EMC bill of lading number EISU01070045985 dated January 19, 2007 and except ad so admitted, denies the allegations contained in paragraph 12 except denies knowledge or information sufficient to form a belief as to the allegations relating to the EGL bill of lading.

13. Thereafter the container no. FSCU992030-7 was loaded aboard the M/V EVER UNIFIC for carriage pursuant to the aforesaid bill of lading contract and except as so admitted denies the allegations contained in paragraph 13.

14. Admits that during the course of the Pacific Ocean crossing the vessel encountered weather conditions which caused the loss overboard of certain containers.

15. Admits container FSCU992030-7 was lost overboard and except as so admitted denies the allegations contained in paragraph 15.

16. Denies the allegations contained in paragraph 16.

17. Denies the allegations contained in paragraph 17 except admits non-payment.

### AS AND FOR ITS ANSWER TO THE FIRST CAUSE OF ACTION AGAINST EGL, EMC AND M/V EVER UNIFIC

18. Defendant, EMC, repeats, reiterates and realleges each and every allegation set forth in paragraphs 1-17 inclusive as if heretofore set out at length herein.

19. Denies the allegations contained in paragraph 19.

20. Denies the allegations contained in paragraph 20.

21. Denies the allegations contained in paragraph 21 except admits non-payment.

## AS AND FOR ITS ANSWER TO THE FIRST CAUSE OF ACTION AGAINST EGL, EMC AND M/V EVER UNIFIC

22. Defendant, EMC, repeats, reiterates and realleges each and every allegation set forth in paragraphs 1-21 inclusive as if heretofore set out at length herein.

23. Admits the allegations contained in paragraph 23.

24. Denies the allegations contained in paragraph 24.

25. Denies the allegations contained in paragraph 25 except admits non-payment.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

26. The shipments in question was carried from a foreign port to a United States port pursuant to a bill of lading contract and were, therefore, subject to the United States Carriage of Goods by Sea Act (46 App. §1300 et. seq.).

27. Defendant claims the benefit of all exceptions, exemptions and limitations contained in the bill of lading contract and the aforesaid statute to the full extent they may be applicable to it.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

28. Plaintiff's liability, if any, is limited to $500.00 per package pursuant to 14 USC 1304(5).

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

29. Defendant claims the benefit of all exceptions, exemptions and limitations contained in the U.S. Harter Act (46 App. §190 et. seq.) and the general maritime law of the United States to the full extent they may be applicable to it.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

30. Defendant EMC is not liable since the loss alleged in the complaint occurred as a result of: (a) an act, neglect or default of the Master, mariner, pilot or the servants of the carrier and the navigation or in the management of the ship; (b) perils, dangers, and accidents of the sea or other navigable waters; (c) an Act of God.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

31. If the loss alleged in the complaint occurred, it occurred as the result of a cause arising with the actual fault or privity of the carrier or without the fault or neglect of the agents or servants of the carrier.

**WHEREFORE**, Defendant EMC prays that the complaint be dismissed together with costs and disbursements incurred in the defense of this action.


Dated: New York, New York
       September 11, 2007

                                    CICHANOWICZ, CALLAN, KEANE,
                                    VENGROW & TEXTOR, LLP
                                    61 Broadway, Suite 3000
                                    New York, New York 10006

                                    *Attorneys for Defendant*
                                    EVERGREEN MARINE CORP.
                                    (TAIWAN) LTD.

                            By:     s/ Paul M. Keane

                                    Paul M. Keane (PMK-5934)

To:    Martin Casey
       CASEY & BARNETT, LLC
       317 Madison Avenue, 21st Floor
       New York, New York 10017

## CERTIFICATE OF SERVICE BY REGULAR U.S. MAIL AND BY ECF

The undersigned declares under penalty of perjury that the following is true and correct:

1. I am over the age of eighteen years and I am not a party to this action.

2. On September 11, 2007, I served a complete copy of EVERGREEN MARINE CORP. (TAIWAN) LTD.'s Answer to plaintiff's complaint, by regular U.S. mail and by ECF, to the following attorneys at their ECF registered address and at the following address:

To:   Martin Casey
      CASEY & BARNETT, LLC
      317 Madison Avenue, 21st Floor
      New York, New York 10017


                                                        *Amanda Magri*
                                                        Amanda Magri

DATED:   September 11, 2007
         New York, New York