5234ANSWER/5234KLSESERVER

KENNEDY LILLIS SCHMIDT & ENGLISH
Thomas M. Grasso (TG3737)
75 Maiden Lane – Suite 402
New York, N.Y. 10038-4816
Telephone:  212-430-0080
Telecopier:  Attorneys for Defendant
EAGLE MARITIME SERVICES, INC. t/a
EAGLE OCEAN LINE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| HERMAN MILLER, INC. <br><br>             Plaintiff, <br><br>        - v. - <br><br> M/V EVER UNIFIC, her tackle, boilers, engines, etc; EAGLE MARITIME SERVICES, INC. t/a EGL OCEAN LINE; EVERGREEN MARINE CORP.; EVERGREEN MARINE GROUP and EVERGREEN INTERNATIONAL CORP., <br><br>             Defendants. | 07 Civ. 7046 (JSR) <br><br> ANSWER OF DEFENDANT EAGLE MARITIME SERVICES, INC. t/a EGL OCEAN LINE |

Defendant EAGLE MARITIME SERVICES, INC. t/a EGL OCEAN LINE (hereinafter "EGL"), by and through undersigned counsel, as and for its answer and defenses to the Complaint, upon information and belief:

1.    Admits the allegations of paragraph 1 of the complaint.

1

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 of the complaint.

3. Admits that EGL Ocean Line is a trade name of Eagle Maritime Service, Inc., a licensed Ocean Transportation Intermediary and subsidiary corporation of EGL, Inc., a Texas corporation with an office and principle place of business located at 15350 Vickery Drive, Houston, Texas; and, that EGL, Inc. is a wholly owned indirect subsidiary of CEVA, a United Kingdom public limited company owned by affiliates of Apollo Management VI, L.P.; and, except as so admitted, denies the allegations of paragraph 3 of the Complaint.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 of the complaint.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 of the complaint.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 of the complaint.

7.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 of the complaint.

8.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 of the complaint.

9.   Admits that EGL is a licensed Ocean Transportation Intermediary and except as so specifically admitted, denies the allegations in paragraph 9 of the complaint.

10.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 of the complaint.

### AS AND FOR ITS ANSWER TO THE FIRST CAUSE OF ACTION AS AGAINST EGL

11.  Repeats, realleges, and incorporates by reference each and every response set forth herein above to the allegations of paragraphs 1 through 10 of the Complaint, inclusively, as if fully set forth at length.

12.  Admits that on or about January 19, 2007, in consideration of agreed freight charges to be collected, EGL issued bill of lading no. SZX070180261 for container number FSCU9920307 said to contain 264 cartons of desk lights upon 44 pallets, shipper's load and count and sealed by shipper with seal

3

number 2166648 for transportation from Yantian, China to Grand Rapids, Michigan via the port of Tacoma, Washington, and except as specifically admitted, denies the allegations of paragraph 10 of the complaint that the cargo was in good order and condition when loaded and sealed inside container no. FSCU9920307.

13. Admits that container no. FSCU9920307 was loaded aboard the vessel M/V EVER UNIFIC as per the EGL bill of lading; and, except as specifically admitted, denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 of the complaint.

14. Admits that EGL learned that container no. FSCU9920307 was lost overboard from the vessel M/V EVER UNIFIC during its Pacific Ocean crossing; and, except as specifically admitted, denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 of the complaint.

15. Admits that container no. FSCU9920307 did not reach its destination port Tacoma, Washington and discharge there from the vessel M/V EVER UNIFIC and, as a result, was never delivered to EGL by defendant Evergreen for on-carriage to its destination Grand Rapids, Michigan; and, except as specifically admitted, denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 of the complaint.

      16.   Denies the allegations of paragraph 16 of the complaint.

      17.   Admits that EGL has not paid plaintiff and, except as specifically admitted, denies the allegations of paragraph 17 of the complaint.

AS AND FOR ITS ANSWER TO THE
<u>SECOND CAUSE OF ACTION AS AGAINST EGL</u>

      18.   Repeats, realleges, and incorporates by reference each and every response set forth herein above to the allegations of paragraphs 1 through 17 of the Complaint, inclusively, as if fully set forth at length.

      19.   Denies the allegations of paragraph 19 of the complaint insofar as they concern EGL.

      20.   Denies the allegations of paragraph 20 of the complaint.

      21.   Denies the allegations of paragraph 20 of the complaint.

AS AND FOR ITS ANSWER TO THE
<u>THIRD CAUSE OF ACTION AS AGAINST EGL</u>

      22.   Repeats, realleges, and incorporates by reference each and every response set forth herein above to the allegations of paragraphs 1 through 21 of the Complaint, inclusively, as if fully set forth at length.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 of the complaint.

24. Denies the allegations of paragraph 24 of the complaint insofar as they concern EGL.

25. Denies the allegations of paragraph 25 of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The rights and liabilities of the parties hereto are governed by the provisions of certain statutes, codes, treaties and other applicable laws including without limitation the United States Carriage of Goods By Sea Act of 1936, which provide *inter alia* for the limitation or exclusion of any liability on the part of answering defendant on account of the matters stated in the complaint, and answering defendant claims the benefits of all such applicable statutes, codes and laws.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

The rights and liabilities of the parties hereto are governed by the terms and conditions of a waybill or waybills, bills of lading, tariffs, timetables and other contracts of carriage and/or documents or other materials incorporated by reference into certain contracts of carriage, which provide *inter alia* for the limitation or exclusion of any liability on the part

of persons including answering defendant for the matters alleged in the complaint, and answering defendant claims all defenses, rights and benefits afforded by all such contracts of carriage, documents and materials.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

If the plaintiff is entitled to recover damages on account of the matters stated in the complaint, which is denied, such damages were caused wholly and solely by the negligent, intentional and/or reckless acts and/or omissions, or willful misconduct, or breach of contract, of persons other than answering defendant, who were and are not under the supervision, direction or control of answering defendant, and whose acts, omissions, breach of contract, and willful misconduct were and are not attributable to answering defendant, with no fault or negligence of answering defendant contributing thereto.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Pursuant to 46 U.S.C. App. §1304(5), Defendant EGL's liability, if any, is limited $500 per package; in this case a maximum of $22,000 as per "44 pallets" listed on the face of the EGL bill of lading.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Pursuant to 46 U.S.C. App. §1304(2), the loss alleged in the complaint arose and/or resulted from one or more of the following causes: (a) Act, neglect, or default of the master,

mariner, pilot, or the servants of the carrier in the navigation or in the management of the ship; (c) Perils, dangers, and accidents of the sea or other navigable waters; (d) Act of God; (i) Act or omission of the shipper or owner of the goods, his agent or representative; (n) Insufficiency of packing; (o) Insufficiency or inadequacy of marks; (p) Latent defects not discoverable by due diligence; and (q) Any other cause arising without the actual fault and privity of the carrier and without the fault or neglect of the agents or servants of the carrier; and, therefore defendant EGL is not liable.

### AS AND FOR A CROSS-CLAIM AGAINST DEFENDANTS *M/V EVER UNIFIC*, EVERGREEN MARINE CORPORATION, EVERGREEN MARINE GROUP and EVERGREEN INTERNATIONAL CORP.

1. If plaintiff is entitled to damages on account of matters alleged in the complaint, which is denied, such damages were caused in whole or in part by the negligent and/or willful acts and/or omissions and/or breaches of contractual duties, including but not limited to Evergreen bill of lading no. 010700045985, of and by defendants the *M/V Ever Unific*, Evergreen Marine Corporation, Evergreen Marine Group and Evergreen International Corp. or all of them, and their employees, officers, servants, agents, or other persons or entities whose fault, negligence and/or breaches of contract are chargeable to those defendants, without any fault of EGL contributing thereto.

8

2. Should answering defendant be held liable to plaintiff, or any of them, on account of matters alleged in the complaint, defendants the *M/V Ever Unific*, Evergreen Marine Corporation, Evergreen Marine Group and Evergreen International Corp. or all of them, shall be liable to answering defendant in indemnity for all sums which answering defendant is made to pay to plaintiff, including interest, costs, disbursements and attorneys' fees.

3. In the alternative, should answering defendant be held liable to plaintiff, or any of them, on account of matters alleged in the complaint, defendants the *M/V Ever Unific*, Evergreen Marine Corporation, Evergreen Marine Group and Evergreen International Corp. shall be liable to answering defendant in contribution, in accordance with each party's proportionate fault to be decided by the Court at trial, toward any amounts which answering defendant is made to pay to plaintiff, including interest, costs and disbursements.

WHEREFORE, defendant EGL demands judgment:

1. Dismissing the complaint in all respects as against EGL, and

2. in the alternative, should EGL be held liable to plaintiff, or any of them, on account of matters alleged in the complaint, judgment on the cross-claim in favor of EGL and against defendants the *M/V Ever Unific*, Evergreen Marine Corporation, Evergreen Marine Group and Evergreen International Corp. in indemnity for all sums which EGL is

     made to pay to plaintiff, including interest and attorneys' fees, or

3. in the further alternative, should EGL be held liable to plaintiff, or any of them, on account of matters alleged in the complaint, judgment on the cross-claim in favor of EGL and against defendants the *M/V Ever Unific*, Evergreen Marine Corporation, Evergreen Marine Group and Evergreen International Corp, in contribution toward any amount which answering defendant is made to pay to plaintiff, including interest, and

4. in any event, granting EGL the costs and disbursements of this action, together with such other and further relief as the Court deems just and proper.

Dated:  New York, New York           KENNEDY LILLIS SCHMIDT & ENGLISH
       October 12, 2007              Attorneys for Defendant EAGLE
                                       MARITIME SERVICES, INC. t/a EGL
                                       OCEAN LINE,

                                       By:_____s/_____
                                         Thomas M. Grasso  (TG 3737)
                                         75 Maiden Lane, Suite 402
                                         New York, New York  10038
                                         Tel.:  212-430-0800
                                         File:  5234