Barry N. Gutterman, Esq. (BG6410)
Robert Briere, Esq. (RB6080)
Barry N. Gutterman & Associates, P.C.
Attorneys for Defendant
Christal Lines, Inc.
60 East 42nd Street, 46th Floor
New York, New York 10165
(212) 983-1466

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HERMAN MILLER, INC.<br><br>       Plaintiff,<br><br>  - against –<br><br>M/V EVER UNIFIC, et. al.,<br><br>       Defendants.<br>---------------------------------------------------------------<br>---------------------------------------------------------------<br>TARGET STORES, a division of<br>TARGET CORPORATION, and DOMETIC<br>CORPORATION<br><br>       Plaintiffs,<br><br>  - against-<br><br>EVERGREEN AMERICA CORPORATION, et. al.<br><br>       Defendants. | **ECF CASE**<br><br><br><br>**07 CV 7046 (JSR)**<br>**07 CV 7975 (JSR)** |

**CHRISTAL LINES, INC. ANSWER AND AFFIRMATIVE DEFENSES
WITH CROSS CLAIMS AGAINST EVERGREEN AMERICA CORPORATION**

  Defendant Christal Lines, Inc., ("Christal"), by its attorneys, Barry N. Gutterman

& Associates, P.C., for its Answer and Affirmative Defenses to Complaint 07 CV 7975,

alleges upon information and belief:

1. Christal denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 1 of the Complaint, and therefore denies same and leave plaintiff to its proof.

2. Christal denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 2 of the Complaint, and therefore denies same and leave plaintiff to its proof.

3. Christal denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 3 of the Complaint, and therefore denies same and leave plaintiff to its proof.

4. Christal denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 4 of the Complaint, and therefore denies same and leave plaintiff to its proof.

5. Christal denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 5 of the Complaint, and therefore denies same and leave plaintiff to its proof.

6. Christal denies the allegations contained in paragraph 6 of the Complaint.

7. Christal denies the allegations contained in paragraph 7 of the Complaint.

8. Christal denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 8 of the Complaint, and therefore denies same and leave plaintiff to its proof.

9. Christal denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 9 of the Complaint, and therefore

denies same and leave plaintiff to its proof.

10. Christal denies the allegations contained in paragraph 10 of the Complaint.

## AS AND FOR A
## FIRST AFFIRMATIVE DEFENSE

11. Christal is not responsible for any damage to the shipment caused by the improper loading of plaintiff.

## AS AND FOR A
## SECOND AFFIRMATIVE DEFENSE

12. Christal acted as an NVOCC and, as such, has no liability to plaintiff.

## AS AND FOR A
## THIRD AFFIRMATIVE DEFENSE

13. If the shipment referred to in the Complaint suffered any loss, damage, or delay, which is herein expressly denied, such loss, damage or delay was caused by parties over whom Christal had no control.

## AS AND FOR A
## FOURTH AFFIRMATIVE DEFENSE

14. To the extent that plaintiff failed to meet the minimum filing requirements of filing a proper written claim within the time prescribed, this lawsuit is time barred.

## AS AND FOR A
## FIFTH AFFIRMATIVE DEFENSE

15. To the extent that plaintiff failed to file suit within the period prescribed, this lawsuit is time barred.

## AS AND FOR A
## SIXTH AFFIRMATIVE DEFENSE

16. In the event that said shipment moved subject to any statutory or contractual limitations of liability, either specifically agreed to or contained in any applicable tariffs and/or governing publications, the plaintiff may not recover in excess of such limitations.

## AS AND FOR A
## SEVENTH AFFIRMATIVE DEFENSE

17. The contract of carriage does not contemplate responsibility for special or consequential damages. To the extent that plaintiff seeks special and/or consequential damages, defendants are not responsible for such amounts.

## AS AND FOR AN
## EIGHTH AFFIRMATIVE DEFENSE

18. The Complaint fails to state a claim against Christal upon which relief can be granted.

## AS AND FOR A
## NINTH AFFIRMATIVE DEFENSE

19. Christal is not responsible for an Act of God with regard to the alleged damage to the shipment.

## AS AND FOR ITS FIRST CROSS-CLAIM
## AGAINST DEFENDANT EVERGREEN
## AMERICA CORPORATION ("EVERGREEN")

20. Christal, pursuant to the terms and conditions of the applicable bill of lading, seeks reimbursement for the damages to the cargo involved in the subject claim that were allegedly damaged and/or destroyed while the

4

cargo was in the care, custody and control of Evergreen on the date of the alleged loss.

**AS AND FOR ITS SECOND CROSS-CLAIM**
**AGAINST DEFENDANT EVERGREEN AMERICA CORPORATION**

21. If there was any loss or damage to the shipment referred to in the Complaint, which is denied, and said loss or damage caused any liability to Defendant Christal, then the said liability was brought about by Evergreen's negligence and/or breach of contract and/or breach of warranties, implied or expressed, and by reason thereof, Defendant Christal is entitled to fully indemnity and/or contribution from Defendant Evergreen for its loss and damages including reasonable attorneys fees and expenses.

WHEREFORE, defendant Christal Lines, Inc. demands judgment: 1) dismissing the Complaint with prejudice, together with the costs, disbursements and attorneys fees; (2) that Christal Lines cross-claims against Evergreen be granted; and (3) for such other relief as this Court may deem just and proper.

Dated:   New York, New York
         February 4, 2008

                                                      By: /s/ Barry Gutterman
Barry N. Gutterman, Esq. (BG6410)
Robert Briere, Esq. (RB6080)
Barry N. Gutterman & Associates, P.C.
60 East 42nd Street, 46th Floor
New York, New York 10165
(212) 983-1466

- and -

Of Counsel:
Joel Steiner, Esq.
Axelrod, Goodman, Steiner & Bazelon
39 South LaSalle Street, Suite 920
Chicago, ILL 60603
(312) 236-9375

Attorneys for Defendant
Christal Lines, Inc.


To:   Kipp C. Leland, Esq. (KL 0932)
      Hill Rivkins & Hayden LLP
      45 Broadway, Suite 1500
      New York, New York 10006
      (212) 669-0600

      Attorneys for Plaintiffs
      Target Stores and Dometic Corporation


      Martin F. Casey, Esq.
      Casey & Bennett, LLC
      317 Madison Avenue, 2nd Floor
      New York, New York 10017
      (212) 286-0225

      Attorneys for Plaintiff
      Herman Miller, Inc.

6

Thomas Michael Grasso, Esq.
Kennedy Lillis Schmidt & English
75 Maiden Lane
New York, New York 10038
(212) 430-0800

Attorneys for Defendant
Eagle Maritime Services, Inc.


Paul M. Keane, Esq.
Chichanowicz, Callan, Keane,
Vengrow & Textor, LLP
61 Broadway, Suite 3000
New York, New York 10006-2802
(212) 344-7042

Attorneys for Defendant
Evergreen American Corporation
and Related Evergreen named Defendants

CHR2803 7.1 Statement